**Affirmed as Modified and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-00465-CR
_____

**VANESSA DENISE THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-52793-N**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Bridges

Vanessa Denise Thomas appeals her conviction, following the adjudication of her guilt, for aggravated sexual assault of a child younger than fourteen years. The trial court assessed punishment at thirteen years' imprisonment. On appeal, appellant's attorney filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. Appellant was convicted of aggravated sexual assault of a child younger than fourteen years, an offense subject to the sex offender registration requirements of Chapter 62. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2015). The judgment, however, states the sex offender registration requirements "do not apply to the Defendant." Accordingly, on our own motion, we modify the judgment to show that sex offender registration requirements apply and the victim's age was six years. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

As modified, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
160465F.U05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VANESSA DENISE THOMAS, Appellant

No. 05-16-00465-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas

Trial Court Cause No. F13-52793-N.

Opinion delivered by Justice Bridges.

Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim at the time of the offense was six years.

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered April 26, 2017.